# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 21-16499

**Case Name** | Vargas, et al. v. Facebook, Inc.

**Counsel submitting this form** | Gerard V. Mantese (P34424), Mantese Honigman, P.C., 1361 E. Big Beaver Rd., Troy, MI 48083

**Represented party/parties** | Plaintiffs Vargas, Skipper, Spencer, Richards, Lin, individually and on behalf of others similarly situated.

*Briefly describe the dispute that gave rise to this lawsuit.*

Each Plaintiff is a resident of New York or California; each is a member of one or more protected classes; and each searched for housing on Facebook in the two years prior to Dec. 31, 2019. During this time, Facebook created and maintained an advertising platform that permitted housing advertisers to exclude certain Facebook users from viewing or receiving housing advertisers' ads. Based on information collected by Facebook about each user, Facebook's advertising platform allowed housing advertisers to exclude categories of users based on the users' real or perceived protected class status. The platform thus allowed housing advertisers to exclude users from viewing the advertiser's ads, based on users' race, gender, religion, or similar protected classes. Facebook's platform thereby ensured that Plaintiffs were not shown the same housing advertisements that white, male, childless, Facebook users were shown; the platform promoted discriminatory segregated housing. Facebook's data collection algorithms were used to target housing ads in violation of the Fair Housing Act ("FHA"), and analogous state statutes, and its advertising platform denied Plaintiffs (and others similarly situated) equal access to the housing market. Plaintiffs seek financial compensation for violations of their civil rights afforded under the FHA and the analogous state statutes. Plaintiffs intended to seek certification of a class action on behalf of others similarly situated.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                     *1*                     Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

The District Court granted Facebook's motion to dismiss the Plaintiffs' Third Amended Complaint, holding: (1) that Plaintiffs lack standing to assert their claims (because they do not plausibly allege that any Plaintiff was in fact injured by Facebook's advertisers' use of the ad platform), and (2) that even if Plaintiffs satisfied the standing concerns, Plaintiffs' claims are barred by the Communications Decency Act. [47 U.S.C. § 230(c)(1)]. The Court declined to address the Plaintiffs' remaining state law claims.

On appeal, Plaintiffs will assert that:

I. Plaintiffs' Third Amended Complaint plausibly alleges that Plaintiffs were in fact injured by Facebook, thereby satisfying the standing requirement.

II. The District Court erred by not permitting Plaintiffs to engage in discovery on standing issues, given that Facebook and its advertisers controlled what advertisements the Plaintiffs and other users were and were not allowed to view (and that Plaintiffs do not have access to this material).

III. The Communications Decency Act does not bar Plaintiffs' claims.

IV. The Third Amended Complaint also pleads cognizable state law claims.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

No remaining proceedings below or in other tribunals.

**Signature** /s/Gerard V. Mantese (P34424)   **Date** Sep 17, 2021

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  *2*  Rev. 12/01/2018