

# MANTESE HONIGMAN, PC
## ATTORNEYS AND COUNSELORS
www.manteselaw.com

| **New York Office** | **Michigan Headquarters** | **Missouri Office** |
|---|---|---|
| 250 East 54th, #25A | 1361 E. Big Beaver Rd. | 2123 Marconi Ave. |
| New York, NY 10022 | Troy, MI 48083 | St. Louis, MO 63110 |
| 212-401-4008 | Ph. 248-457-9200 | Ph. 314-656-6927 |

Gerard V. Mantese
David M. Honigman
Ian M. Williamson
Theresamarie Mantese
Douglas L. Toering
Terry Milne Osgood
Kathryn R. Eisenstein

Emily S. Fields
Michael S. Butterfield
Nicole B. Lockhart
Brian P. Markham
Kristin K. Marschner
Kristen Y. James
Kenneth Chadwell, of Counsel in MI
Robert J. Radice, of Counsel in MO
Jack M. Horas, of Counsel in MO

April 14, 2023

**Via ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re: *Vargas et al. v. Facebook, Inc.*, No. 21-16499
> (Argued July 28, 2022 (Owens, Graber, M. Murphy (10th Cir.), JJ.))

Dear Ms. Dwyer:

Plaintiffs-Appellants respond to Facebook's April 3, 2023 Rule 28(j) letter as follows:

Facebook suggests that the recent grant of certiorari in *Acheson Hotels, LLC v. Laufer*, —S. Ct. —, 2023 WL 2634524 (March 27, 2023) *could* result in issuance of a Supreme Court opinion that *could* undercut Appellants' theory of standing in this appeal. Facebook suggests that the decision eventually released by the Court in *Laufer* *might* narrow the scope of what is required to show "distinct and palpable injury" in the context of so-called "tester" cases, such as *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

Although Facebook's suggestion is speculative at this juncture, even if the Court were to narrow the ability to show a distinct and palpable injury in tester cases, that would not alter the appropriate result in this case because Plaintiffs-Appellants here were not testers who were simply trying to catch Facebook in a technical violation of the Fair Housing Act. Rather, Appellants suffered actual injury-in-fact from the affirmative discriminatory conduct of Facebook in excluding Appellants from receiving the same housing advertisements that it offered to members of non-protected categories. Appellants' Brief, Dkt. 12, at 31-38.



Molly C. Dwyer, Clerk of the Court
April 14, 2023
Page 2

Specifically, the fact that Appellants went on the Facebook platform multiple times and were unable to see certain ads available to others *is* the injury alleged. Unlike the appellant in *Laufer* who had no intent to visit the place of public accommodation at issue in that case, Appellants here alleged that they were ready, willing, and able to secure the housing to which they were denied access. Appellants' Brief, Dkt. 12, at 17-25. Although tester cases such as *Laufer* and *Havens* illustrate the breadth of standing that courts recognize, the Appellants in this case are not, in fact, testers because they have personally suffered harm that is actionable under the FHA.

Appellants have Article III standing under the current law, and they would likewise have standing under the potential modifications to the standing law about which Facebook speculates in its letter.

Respectfully submitted,

**MANTESE HONIGMAN P.C.**

Gerard V. Mantese, Esq.
*Counsel for Appellants*

GVM/laj