# MANTESE HONIGMAN, PC
## ATTORNEYS AND COUNSELORS
www.manteselaw.com

| **New York Office** | **Michigan Headquarters** | **Missouri Office** |
|---|---|---|
| 250 East 54th, #25A | 1361 E. Big Beaver Rd. | 518 S. Hanley Rd. |
| New York, NY 10022 | Troy, MI 48083 | Clayton, MO 63105 |
| 212-401-4008 | Ph. 248-457-9200 | Ph. 314-656-6927 |

Gerard V. Mantese***  
David M. Honigman  
Ian M. Williamson  
Theresamarie Mantese  
Douglas L. Toering  
Terry Milne Osgood  
Kathryn R. Eisenstein  
Emily S. Fields  

Michael S. Butterfield**  
Nicole B. Lockhart  
Brian P. Markham  
Kristin K. Marschner  
Kristen Y. James*  
Kenneth Chadwell, of Counsel in MI  
Robert J. Radice, of Counsel in MO  
Jack M. Horas, of Counsel in MO  

June 6, 2023

Molly C. Dwyer     **Via ECF**  
Clerk of Court  
U.S. Court of Appeals for the Ninth Circuit  
95 Seventh Street  
San Francisco, CA 94103

    **Re:**    *Vargas v. Facebook, Inc.*, **No. 21-16499**  
             **(Argued July 28, 2022 (Owens, Graber & M. Murphy (10th Cir.), JJ.))**

Dear Ms. Dwyer:

In reply to Appellee Facebook's June 5, 2023 Fed. R. App. P. 28(j) letter:

[1]    The Supreme Court's ruling did not change existing law on standing and CDA immunity.

[2]    Facebook's representation of the facts is wrong. Plaintiffs have always challenged Facebook's discriminatory choices selected by its algorithms. See, e.g. Third Amended Complaint, ER-237, ¶14 ("Facebook's algorithms for data collection and its Ad Platform excluded protected classes of individuals…"); ER-245, ¶42 ("Facebook collects millions of data points about its users, draws inferences about each used based on this data…."); ER-248, ¶53 ("in the ad delivery phase, Facebook selected the ad's 'actual audience.'"); ER-250, ¶60 ("Facebook alone, not the advertiser, determined which users constituted the 'actual audience' for each housing ad.").

[3]    Facebook did more than simply post others' illegal housing ads. It first created an advertising platform that contained discriminatory and illegal housing choices, then it mined its users' data to classify people into categories, and then it established discriminatory categories based on this information. Finally, Facebook used its algorithms and internally-generated categories to decide which ads to send to whom.

All attorneys admitted to practice in MI unless otherwise noted  
*Admitted to practice in IN only  
**Admitted to practice in MI & MO  
*** Admitted to practice in MI, MO, NY & FL

Business Litigation     Business Transactions     Corporate Law and Governance     Health Care Law     Criminal Defense     Real Estate and Land Use



Molly C. Dwyer
June 6, 2023
Page 2

      As HUD concluded in its own charge against Facebook *for this same conduct*, Facebook's actions are not protected under section 230.

                                           Respectfully submitted,

                                           _____
                                           Gerard V. Mantese
                                           Mantese Honigman, P.C.
                                           Counsel for Plaintiffs-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I electronically filed the foregoing document APPELLANTS' RULE 28(j) LETTER with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I hereby certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 6, 2023   Respectfully,

/s/ Michael D. Seplow
Michael D. Seplow
*Counsel for Appellants.*