# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————

No. 21-16499

———————

ROSEMARIE VARGAS, et al.,

Appellants

v.

FACEBOOK, INC.,
Appellee

———————

On Appeal from the United States District Court
for the Northern District of California
(D.C. No. 3:19-cv-05081)
District Judge: Honorable William H. Orrick

———————

## MOTION TO DESIGNATE
## OPINION AS PRECEDENTIAL

**AMICI The American Civil Liberties Union Foundation, Free Press, The Lawyers' Committee for Civil Rights Under Law, and The National Fair Housing Alliance**, hereinafter "*Amici*," by and through undersigned counsel, hereby respectfully move this Court to designate as precedential the panel opinion issued on June 23, 2023, in the above-captioned case. In support of the motion, *Amici* state as follows:

1. In its non-precedential opinion ("NPO"), a panel of this Court reinstated the Plaintiff-Appellants' class claims, reversing the District Court's holdings that they had failed to allege a sufficient concrete injury for standing purposes; and that

      Facebook was entitled to immunity under Section 230 of the Communications Decency Act.

2. The panel addressed critical emerging areas of law in terms that would offer guidance to courts, technology companies, attorneys, government regulators, and the general public, in similar situations that arise going forward.

3. The panel reached an important issue about whether Article III standing exists for civil rights claims arising out of the exclusion of content and opportunity. The panel ruled: "The district court faulted the complaint for not identifying specific ads that Plaintiff Vargas did not see. But Plaintiffs' very claim is that Facebook's practices concealed information from housing-seekers in protected classes. And nothing in the case law requires that a plaintiff identify specific ads that she could not see when she alleges that an ad-delivery algorithm restricted her access to housing ads in the first place [...] Plaintiff Vargas alleges a concrete and particularized injury—deprivation of truthful information and housing opportunities." Courts are increasingly facing claims in similar circumstances, and to leave this appellate court decision as unpublished relegates claims of this type to a less rigorous body of case law, burgeoning as it is.

4. With respect to the application of Section 230, the panel likewise made important holdings worthy of publication. In discussing Facebook's role as an advertising platform, the panel recognized that Plaintiff-Appellants' claims "challenge Facebook's conduct as a co-developer of content and not merely as a publisher of information provided by another information content provider," Slip Op. at 5. Co-development is often a fulcrum of Section 230 immunity analyses. Cases involving social media ad platforms frequently raise questions of what constitutes co-development, and the panel specifically explained how to apply the law in the context of Facebook's ad platform's mechanisms for ad targeting and delivery.

5. Publishing this opinion would offer clear appellate guidance in an area of law that continues to evolve and develop. Even this very case was submitted, stayed, and then re-submitted by the panel because of the Supreme Court's consideration of *Gonzalez*

*v. Google*, which raised the scope of Section 230 immunity. While the Supreme Court ultimately resolved that case on other grounds, its grant of certiorari reflects the ongoing need for clear, precedential law on Section 230.

6. Facebook's petition for rehearing en banc only underscores the suitability of the panel opinion for publication. It refers to what it views as an aspect of the panel's Article III standing holding involving plausibility of allegations of injury as "exceptionally important and frequently recurring," Doc. 80 at 15, and argues that "[i]t's hard to overstate the importance of this issue." *Id.* at 17.

7. Similarly, Facebook points to ongoing development of the law on the application of *Havens Realty,* situating the panel's ruling as part of ongoing development of the law on standing for injuries in fact versus injuries in law and pointing to recent decisions from this Court's Sister Circuits that follow *TransUnion* and prefigure impending Supreme Court action in *Acheson Hotels*. *Id.* at 20.

8. Finally, Facebook decries the panel for "issuing an unpublished decision" so as to advance "its own novel view of how section 230 ought to be interpreted," which, Facebook says, "is not the function of unpublished decisions." Doc. 80 at 27-28.

9. While Facebook predictably disagrees with the outcome, its view of the importance of the issues is undoubtedly correct. And this Court should reject Facebook's barely veiled implication that panels of the Court feel free to get cases wrong and write opinions untethered from the law, simply by issuing them without publishing them.

10. For courts and technology companies, government regulators, litigants, and attorneys who work in these areas, publishing this opinion would offer helpful appellate guidance on issues likely to arise again before this and other courts.

11. Counsel for Appellants does not oppose this motion; although counsel for *Amici* reached out to counsel for Appellee on Monday, August 21 and Tuesday, August 22, *Amici* have not ascertained Appellee's position on this motion.

WHEREFORE, based on the foregoing, undersigned counsel respectfully requests the Court designate as precedential its opinion in this matter.

Respectfully submitted,

/s/ Jim Davy
Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15126
Philadelphia, PA 19125
215-792-3579
jimdavy@allriselaw.org

Date: Aug. 22, 2023

## CERTIFICATE OF SERVICE

    I, Jim Davy, certify that on August 22, 2023, I caused a copy of this Moton to Designate Opinion as Precedential to be filed with the Clerk of Court and served on all counsel of record using the *CM/ECF* system.

                                          <u>/s/ Jim Davy</u>
                                          Jim Davy
                                          ALL RISE TRIAL & APPELLATE
                                          P.O. Box 15126
                                          Philadelphia, PA 19125
                                          215-792-3579
                                          jimdavy@allriselaw.org

Dated: Aug. 22, 2023