No. 21-16499

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROSEMARIE VARGAS; KISHA SKIPPER; JAZMINE SPENCER; DEILLO RICHARDS; JENNY LIN, on behalf of themselves individually, and on behalf of all others similarly situated,
*Plaintiffs-Appellants,*

and

NEUHTAH OPIOTENNIONE; JESSICA TSAI,
*Plaintiffs*,

v.

FACEBOOK, INC.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
Case No. 3:19-cv-5081 | Hon. William H. Orrick

## FACEBOOK, INC.'S RESPONSE TO
## MOTION TO DESIGNATE OPINION AS PRECEDENTIAL

| | |
|---|---|
| Rosemarie T. Ring | Theodore J. Boutrous Jr. |
| Ryan Azad | Bradley J. Hamburger |
| GIBSON, DUNN & CRUTCHER LLP | Matt Aidan Getz |
| 555 Mission Street, Suite 3000 | GIBSON, DUNN & CRUTCHER LLP |
| San Francisco, CA 94105 | 333 South Grand Avenue |
| Telephone: (415) 393-8200 | Los Angeles, CA 90071 |
| | Telephone: (213) 229-7000 |

*Counsel for Defendant-Appellee*
*Facebook, Inc. (now known as Meta Platforms, Inc.)*

Amici supporting plaintiffs have moved the Court to designate its memorandum (Dkt. 76) as precedential. Dkt. 84. Whether to designate a decision as precedential is generally left to the Court's discretion, and Facebook takes no position on whether the Court should change its decision not to publish. Amici's request, however, illustrates why Facebook's pending petition for rehearing en banc or panel rehearing (Dkt. 80) should be granted.

Amici contend that this case involves "critical emerging areas of law" and claims that are "increasingly" being brought across the federal courts. Dkt. 84 at 2. Although amici suggest publication alone would supply necessary "guidance" to courts and litigants on these important issues, *id.*, in reality mere publication—without significant amendment of the decision—would only add to inter-circuit confusion and "'introduce[] meaningful ambiguity'" into this Circuit's precedent. Dkt. 80 at 17.

As Facebook has explained, the decision cements a 12-1 circuit conflict on the question whether the *Twombly-Iqbal* plausibility standard applies in assessing pleadings-stage challenges to Article III standing.

1

Dkt. 80 at 8-13. It also expands another circuit conflict—one the Supreme Court recently granted certiorari to address—over whether *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), remains good law in light of more recent standing cases like *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). Dkt. 80 at 13-17. And it squarely conflicts with many of this Court's cases applying section 230 of the Communications Decency Act. *Id.* at 17-22. Amici's request for publication further confirms the need for rehearing.

Dated: September 1, 2023

Respectfully submitted,

/s/ Theodore J. Boutrous Jr.

Rosemarie T. Ring
Ryan Azad
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200

Theodore J. Boutrous Jr.
Bradley J. Hamburger
Matt Aidan Getz
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000

*Counsel for Defendant-Appellee
Facebook, Inc. (now known as Meta Platforms, Inc.)*

## CERTIFICATE OF SERVICE

I certify that on September 1, 2023, I filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit through the appellate CM/ECF system, which will send a notification of such filing to all counsel of record.

Dated: September 1, 2023               Respectfully submitted,

                                       /s/ Theodore J. Boutrous Jr.
                                       Theodore J. Boutrous Jr.

                                       *Counsel for Defendant-Appellee Facebook, Inc. (now known as Meta Platforms, Inc.)*